**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RODOLFO ARAGON,<br><br>                Plaintiff,<br><br>      v.<br><br>TOWNSHIP OF WOODBRIDGE, *et al.*,<br><br>                Defendants. | Case No. 2:21-cv-18304 (BRM)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

      Before the Court is Defendants Township of Woodbridge and Matthew Murdock's (collectively "Moving Defendants"[1]) Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 5.) Plaintiff Rodolfo Aragon ("Aragon") filed a "Notice of objection and waiver of applicability," which the Court construes as an Opposition to Moving Defendants' Motion.[2] (ECF No. 10.) Having reviewed the submissions filed in connection with the Motion and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause having been shown, Moving Defendants' Motion to Dismiss is **GRANTED**.

---

[1] Aragon failed to serve Judge Kevin H Morse, Judge David Stahl, and Judge Spero Kalambakas (collectively "Unserved Defendants"). (ECF No. 10-2.) Therefore, the Court dismissed claims against Unserved Defendants. (ECF No. 11.)

[2] Specifically, Aragon asks the Court to "OVERRULE Defendant(s) Motion and/or waive applicability of Fed.R.Civ.p. [sic] 4(m) as prejudicial in instant case heretofore in the interest of justice Under the Authority of Miranda V. [sic] Arizona, 384 U.S. 436 (1966)." (ECF No. 10 at 1.)

I.     **BACKGROUND**

For the purpose of the motion to dismiss, the Court accepts the factual allegations in the Complaint as true and draws all inferences in the light most favorable to Plaintiffs. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). The Court also considers any "document integral to or explicitly relied upon in the complaint." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (quoting *Shaw v. Digit. Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996)).

Aragon's Complaint arises from a motor vehicle-related incident on August 8, 2020, in Woodbridge, New Jersey. (ECF No. 1 at 2.) Aragon claims he "was assaulted" while "traveling lawfully in [sic] his private property." (*Id.*) Aragon further claims the "assault" was due to "negligent supervision and security of agents, servants, and/or employees of the Township of Woodbridge Police, including but not limited to Judges of the municipal court of that same township" (*id.*) and was not "legally justified" (*id.* at 3).

Afterwards, Aragon alleges he offered an "opportunity to cure" to "parties" but claims "agent have failed." (*Id.*) Aragon claims he is being coerced and extorted to pay monetary fines, and his car was confiscated. (*Id.*) Aragon claims he is entitled to be justly compensated. (*Id.*)

On October 8, 2021, Aragon filed a complaint. (ECF Nos. 1, 2.) On January 28, 2022, Moving Defendants filed a Motion to Dismiss. (ECF No. 5.) On March 8, 2022, Aragon filed a "Notice of objection and waiver of applicability," which the Court construes as an Opposition to Moving Defendants' Motion. (ECF No. 10.) Aragon attached affidavits of service on Moving Defendants, and because Aragon failed to serve Unserved Defendants, the Court dismissed claims against Unserved Defendants on June 21, 2022, pursuant to Fed. R. Civ. P. 4(m). (ECF No. 11.)

## II. LEGAL STANDARD

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to [the non-moving party]." *Phillips*, 515 F.3d at 228. "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Id.* at 548 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain,* 478 U.S. 265, 286 (1986). Instead, assuming factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 663 (citing *Twombly*, 550 U.S. at 556). This "plausibility standard" requires the complaint to allege "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a 'probability requirement.'" *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). "Detailed factual allegations" are not required, but "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" must be pled; it must include "factual enhancements" and not just conclusory statements or a recitation of the elements of a cause of

action. *Id.* (citations omitted). In assessing plausibility, the court may not consider any "[f]actual claims and assertions raised by a defendant." *Doe v. Princeton Univ.*, Civ. A. No. 21-1458, 2022 WL 965058 at *5, at *11 (3d Cir. Mar. 31, 2022).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). Indeed, after *Iqbal*, it is clear that conclusory or "bare-bones" allegations will no longer survive a motion to dismiss: "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 678. To prevent dismissal, all civil complaints must now set out "sufficient factual matter" to show that the claim is facially plausible. This "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The Supreme Court's ruling in *Iqbal* emphasizes that a plaintiff must show that the allegations of his or her complaints are plausible. *See id.* at 670.

While, as a general rule, the court may not consider anything beyond the four corners of the complaint on a motion to dismiss pursuant to Rule 12(b)(6), the Third Circuit has held that "a court may consider certain narrowly defined types of material without converting the motion to dismiss [to one for summary judgment pursuant to Rule 56]." *In re Rockefeller Ctr. Props. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999). Specifically, courts may consider any "document *integral to or explicitly relied upon* in the complaint." *In re Burlington Coat Factory*, 114 F.3d at 1426 (emphasis added) (quoting *Shaw*, 82 F.3d at 1220). However, "[w]hen the truth of facts in an

'integral' document are contested by the well-pleaded facts of a complaint, the facts in the complaint must prevail." *Princeton Univ.*, 2022 WL 965058, at *3.

### III. DECISION

Moving Defendants argue Aragon's Complaint fails to suggest the existence of any plausible claim against them. (ECF No. 5-1 at 6.) Instead of responding to Moving Defendants' argument, Aragon responds[3] the Court should not "apply Fed. R. Civ. P. 4(m)." (ECF No. 10-1 at 3.) In light of Aragon's *pro se* status and to protect Aragon's interest, the Court reviewed his Complaint (ECF No. 1) and construed Aragon's "Notice of objection and waiver of applicability" (ECF No. 10) as an objection. The Court agrees with Moving Defendants and Plaintiff fails to state a claim against Moving Defendants.

Aragon's Complaint contains only legal conclusions unsupported by facts. "[L]abels and conclusions" cannot survive a motion pursuant to Rule 12(b)(6), and a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. Aragon accuses Moving Defendants of "negligence" (ECF No. 1 at 2), depriving his civil rights (*id.*), "imposter in office taking wages under false pretense" (*id.*), "accessory" (*id.*), "extortion" (*id.*), and "breach of contract" (*id.*), but fails to support these labels with factual assertions. In other words, Aragon's allegations are purely conclusory, and contain little fact concerning what happened to his car, or what events transpired "on 8th of August 2020[]." (*Id.* at 2.)

---

[3] Aragon's opposition brief is focused on his request to somehow be allowed to proceed against Unserved Defendants notwithstanding Fed. R. Civ. P. 4(m) (ECF No. 10-1 at 4–7). Aragon failed to serve Unserved Defendants. (ECF No. 10-2.) Therefore, the Court dismissed claims against them (ECF No. 11), and Aragon's misplaced belief regarding "non-application of Fed. R. Civ. P 4(m)" (ECF No. 10-1 at 3) has no basis in law. *See Lampe v. Xouth, Inc.*, 952 F.2d 697, 701 (3d Cir. 1991) (holding that effective service of process is a prerequisite to proceeding further in a case).

Fundamentally, the Court finds Aragon's Complaint lacks "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp.*, 550 U.S. at 570. While Moving Defendants counter Aragon's claims by offering documents showing the incident occurred on August 10, 2020 (ECF No. 5-1 at 1), the Court must "accept all factual allegations in the complaint as true and construe those facts in the light most favorable to the plaintiff[]." *Newark Cab Ass'n v. City of Newark*, 901 F.3d 146, 151 (3d Cir. 2018). Still, the Court need not accept as true "unsupported conclusions and unwarranted inferences," *Schuylkill Energy Resources, Inc. v. Pennsylvania Power Light Co.*, 113 F.3d 405, 417 (3d Cir.), *cert. denied*, 118 S. Ct. 435 (1997), nor can the Court "assume that the [plaintiff] can prove facts that it has not alleged," *Associated Gen. Contractors of California v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983). "[T]he Federal Rules do not require courts to credit a complaint's conclusory statements without reference to its factual context," *Iqbal*, 556 U.S. at 686, which Aragon has filed to do. *See also Renfro v. Unisys Corp.*, 671 F.3d 314, 320 (3d Cir. 2011) (explaining that blanket assertions and conclusory statements are not well-pleaded factual allegations, and by themselves do not suffice to show a claim to relief that rises above the speculative level). Accordingly, Moving Defendant's motion to dismiss is **GRANTED.**

## IV. CONCLUSION

For the reasons set forth above, Moving Defendants' Motion to Dismiss (ECF No. 5) is **GRANTED**; and Aragon's Complaint is **DISMISSED WITHOUT PREJUDICE**[4].

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

Dated: August 1, 2022

---

[4] In light of Aragon's *pro se* status, the Court will permit him to amend his Complaint. *See Young v. Quinlan*, 960 F.2d 351, 358 n.17 (3d Cir. 1992) (holding a court should allow liberal amendment of a *pro se* plaintiff's civil rights complaint).