<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

RODOLFO ARAGON,

    Plaintiff,

    v.

TOWNSHIP OF WOODBRIDGE, *et al.*,

    Defendants.

Case No. 2:21-cv-18304 (BRM) (JBC)

**OPINION**

MARTINOTTI, DISTRICT JUDGE

  Before the Court is Defendants Township of Woodbridge and Police Officer Matthew Murdock's (collectively, "Defendants") Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 17.) Plaintiff Rodolfo Aragon ("Aragon") filed a "Notice of Objection . . . in Opposition to Defendant[s'] 12(b)(6) motion," which the Court construes as Aragon's opposition. (ECF No. 19.) Having reviewed the submissions filed in connection with the Motion and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause having been shown, Defendants' Motion to Dismiss is **GRANTED**.

### I. BACKGROUND

  For the purpose of the motion to dismiss, the Court accepts the factual allegations in the Complaint as true and draws all inferences in the light most favorable to Aragon. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). The Court also considers any "document integral to or explicitly relied upon in the complaint." *In re Burlington Coat Factory Sec. Litig.*,

114 F.3d 1410, 1426 (3d Cir. 1997) (quoting *Shaw v. Digit. Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996)).

Aragon's Complaint arises from a motor vehicle-related incident on August 10, 2020, in Woodbridge, New Jersey. (ECF No. 14 ¶ 3(a).) Aragon alleges he was driving in Woodbridge, New Jersey when he "was in an automobile accident with unknown person [sic] or persons at said location." (*Id.* ¶ 3(b).) Aragon asserts "Defendants arrived at the scene of the accident and took notice of the accident." (*Id.* ¶ 3(c).) Aragon contends, "After taking notice of the accident, Defendants (Public Servant(s)) exceeded their authority and deprived Plaintiff of his Constitutionally civilly protected rights namely 'the right to be secured in his property' and 'the right to travel freely and unencumbered' by assault, extortion, and breach of contract." (*Id.* ¶ 3(d).) Shortly thereafter, Aragon "stated to Defendants that Plaintiff and his private property was exempt" from "Defendants assertion of New Jersey State Statute 39:3-4 'Driving unregistered motor vehicle' . . . and New Jersey State Statute 39:6B-2 'No liability Insurance Coverage on Motor Vehicle."[1] (*Id.* ¶ 3(d)-(e).) Aragon contends his "property was taken by assault and extortion." (*Id.* ¶ 3(e).) The circumstances surrounding the incident remain unclear as Aragon provides no other details regarding the accident nor what transpired immediately after in the Amended Complaint.

Aragon further alleges he "visited Woodbridge Police Department and failed to retrieve his private property" because "Woodbridge Police by 'Accessory' refused to return [Aragon's] property due to New Jersey State Statute 39:3-40.6", which Aragon alleges, states: "No motor vehicle which has been impounded shall be released unless proof of valid insurance for that vehicle

---

[1] It is unclear what constitutes Aragon's property. While Aragon confirms that his property includes "an 'automobile' by description", it is unclear if his reference to "property" refers to only his automobile. (ECF No. 14 ¶ 3(g).)

is presented to the law enforcement authority." (*Id.* ¶ 3(h).) Aragon explains that he "under duress

filed a UCC FINANCING STATEMENT and an UCC FINANCING STATEMENT

AMENDMENT ADDENDUM in order to securitice [sic] [Aragon's] property[.]" (*Id.* ¶ 3(k).)

Aragon filed these documents and listed the value of his property to be one million dollars. (*Id.* ¶

3(i).) Aragon requests to be compensated five million dollars for his claim. (*Id.* ¶ 4.)

On October 8, 2021, Aragon filed a Complaint.[2] (ECF Nos. 1, 2.) On January 28, 2022,

Defendants filed a Motion to Dismiss. (ECF No. 5.) On August 1, 2022, the Court granted

Defendants' Motion to Dismiss and provided Aragon thirty days to file an amended complaint

curing the deficiencies noted in the Opinion. (ECF No. 12.)

On September 2, 2022, Aragon filed an Amended Complaint under 42 U.S.C. §1983,

alleging several causes of action, including: negligence, assault, deprivation of civil rights,

accessory, extortion, breach of contract, personal injury, time spent in distress, anguish, and loss

of enjoyment of life.  (ECF No. 14.) On October 3, 2022, Defendants filed a Motion to Dismiss

Aragon's Amended Complaint. (ECF No. 17.) On October 31, 2022, Aragon filed a "Notice of

Objection" which the Court construes as an opposition to Defendants' Motion. (ECF No. 19.)

## II.    LEGAL STANDARD

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a

district court is "required to accept as true all factual allegations in the complaint and draw all

inferences from the facts alleged in the light most favorable to [the non-moving party]." *Phillips*,

515 F.3d at 228. "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need

---

[2] The Complaint was filed against Defendants as well as the governor and several municipal court judges. However, on June 21, 2022, having not received proof of service of the complaint on the governor and judicial defendants, the Court entered an order dismissing them pursuant to Federal Rule of Civil Procedure 4(m). (ECF No. 11.) Only the moving Defendants remain.

detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations

omitted). However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'

requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of

action will not do." *Id.* at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is

"not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S.

at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual

allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550

U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter,

accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). This

"plausibility standard" requires the complaint to allege "more than a sheer possibility that a

defendant has acted unlawfully," but it "is not akin to a 'probability requirement.'" *Id.* (citing

*Twombly*, 550 U.S. at 556). "Detailed factual allegations" are not required, but "more than an

unadorned, the-defendant-unlawfully-harmed-me accusation" must be pleaded; it must include

"factual enhancement" and not just conclusory statements or a recitation of the elements of a cause

of action. *Id.* (citations omitted). In assessing plausibility, the court may not consider any "[f]actual

claims and assertions raised by a defendant." *Doe v. Princeton Univ.*, 30 F.4th 335, 345 (3d Cir.

2022).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-

specific task that requires the reviewing court to draw on its judicial experience and common

sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). Indeed, after *Iqbal*, conclusory or "bare-bones" allegations will no longer survive a motion to dismiss: "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. To prevent dismissal, all civil complaints must set out "sufficient factual matter" to show that the claim is facially plausible, allowing "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Supreme Court's ruling in *Iqbal* emphasizes that a plaintiff must show that the allegations of his or her complaints are plausible. *See id.* at 670.

While, generally, the court may not consider anything beyond the four corners of the complaint on a motion to dismiss pursuant to Rule 12(b)(6), the Third Circuit has held that "a court may consider certain narrowly defined types of material without converting the motion to dismiss [to one for summary judgment pursuant to Rule 56]." *In re Rockefeller Ctr. Props. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999). Specifically, courts may consider any "document *integral to or explicitly relied* upon in the complaint." *In re Burlington Coat Factory*, 114 F.3d at 1426 (emphasis added) (quoting *Shaw*, 82 F.3d at 1220). However, "[w]hen the truth of facts in an 'integral' document are contested by the well-pleaded facts of a complaint, the facts in the complaint must prevail." *Princeton Univ.*, 30 F.4th at 342.

III.    **DECISION**

Defendants argue Aragon failed to set forth sufficient facts to support his claims. (ECF No. 17 at 13.) Defendants contend Aragon's Amended Complaint fails to state any plausible claim because, despite Aragon's self-proclaimed status as "exempt" from the statutes cited in his

Amended Complaint, he is, indeed, subject to those statutes. (*Id.* at 8.) Further, Defendants maintain they removed Aragon's vehicle from the roadway in compliance with all statutorily prescribed protocols and procedures. (*Id.* at 9-10.)

Aragon's opposition fails to adequately address the arguments made in Defendants' Motion to Dismiss and instead simply reiterates many of the conclusory statements made in the Amended Complaint. Aragon accuses Defendants of negligence, assault, deprivation of civil rights, accessory, extortion, and breach of contract, yet fails to assert any facts supporting these claims. (ECF No. 14 ¶ 2.) Aragon's Amended Complaint concludes Defendants "exceeded their authority and deprived [Aragon] of his Constitutionally civilly protected rights" (*id.* ¶ 3(d)), but fails to provide "enough facts to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570. The Court cannot "assume that the [plaintiff] can prove facts that it has not alleged." *Associated Gen. Contractors of California v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983). Accordingly, the Court agrees with Defendants and finds Aragon has failed to state a claim.

Aragon's Amended Complaint sets forth few facts supporting his claim and, instead, impermissibly presents legal conclusions and conclusory factual allegations. *Papasan*, 478 U.S. at 286. Consequently, the Court is unable to discern what took place; Aragon fails to allege what series of events lead to his automobile being impounded, what events transpired afterward, or what actions were taken by Defendants to cause an alleged violation of Aragon's rights. While a district court is "required to accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to [the non-moving party]," conclusory allegations need not be accepted as true. *Phillips*, 515 F.3d at 228; *Iqbal*, 556 U.S. at 681 (2009)

(citing *Twombly*, 550 U.S. at 554-555.) "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

    Accordingly, Defendants Motion to Dismiss is **GRANTED**.

## IV.   CONCLUSION

    For the reasons set forth above, Defendants' Motion to Dismiss (ECF No. 17) is **GRANTED**, and Aragon's Complaint is **DISMISSED WITHOUT PREJUDICE**[3]. An appropriate order follows.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

Dated:  March 20, 2022

---

[3] In light of Aragon's *pro se* status, the Court will permit him to amend his Complaint. *See Young v. Quinlan*, 960 F.2d 351, 358 n.17 (3d Cir. 1992) (holding a court should allow liberal amendment of a *pro se* plaintiff's civil rights complaint). However, this is Aragon's final opportunity to comply with pleading standards. A dismissal of any subsequent amended filings will be ordered with prejudice.