<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| RODOLFO ARAGON,<br><br>                     Plaintiff,<br><br>         v.<br><br>TOWNSHIP OF WOODBRIDGE, *et al.*,<br><br>                     Defendants. | Case No. 2:21-cv-18304 (BRM) (JBC)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is Defendants Township of Woodbridge ("Woodbridge") and Police Officer Matthew Murdock's ("Officer Murdock") (collectively, "Defendants") Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 27.) Plaintiff Rodolfo Aragon ("Aragon") filed an Opposition. (ECF No. 28.) Defendants did not file a reply. Having reviewed the submissions filed in connection with the Motion and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause having been shown, Defendants' Motion to Dismiss is **GRANTED**.

**I.    BACKGROUND**

For the purpose of the motion to dismiss, the Court accepts the factual allegations in the Complaint as true and draws all inferences in the light most favorable to Aragon. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). The Court also considers any "document integral to or explicitly relied upon in the complaint." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (quoting *Shaw v. Digit. Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996)).

This action arises from a motor vehicle-related incident on August 10, 2020, in Woodbridge, New Jersey. (ECF No. 24 ¶ 3(a).) Aragon alleges he "was traveling lawfully in his private automobile when [he] collided with another automobile." (*Id.* (emphasis omitted).) Following the accident, Officer Murdock arrived at the scene and discovered Aragon's automobile to have "fictitious license plates" and determined "there was an issue with [Aragon's] insurance." (*Id.* ¶ 3(b).) "Based on these infractions and violations, [Aragon's] [] automobile was towed from the scene . . . ." (*Id.*) Aragon was issued summonses "for operating an unregistered automobile under N.J.S.A. 39:3-4 and . . . for failure to have a valid insurance [sic] under N.J.S.A. 39:6B-2." (*Id.*) "On November 10, 2021, the Summonses against [Aragon] were dismissed . . . ." (*Id.*) Aragon then "served correspondence upon Woodbridge Police Director, Rober [sic] Hubner an opportunity to cure Plaintiff's Constitutional right violation/infringements." (*Id.* ¶ 3(c).) In this correspondence, Aragon claimed:

> "[I am an] Unenfranchised Common Law Free Man, I travel at the CommonLaw . . . I expect to make no payments, I am immune to those specific requirements that state I shall provide Insurance, Registration, Drivers License, and any fee required for the restoration of my property. Please let it be known to your executive officers so that this infringement shall be resolved."

(*Id.*) In the same correspondence, Aragon also claimed that "upon restoration of [his] property [he] shall preclude you and your executive officers from suits, and just hold the State accountable for my damages, this making my costs and fees the sum of $5,000." (*Id.*) Thereafter, Aragon "contacted the Police Department and utilized the appropriate procedure for retrieving his property, an automobile[.]" (*Id.* ¶ 3(f).) Aragon then received a phone call from "the Tow Manager" explaining that Aragon is "subject to the laws of the State of New Jersey and the penalties and fines imposed related to the automobile offenses regardless of [Aragon's] classification as a 'Common Law Free Man.'" (*Id.* ¶ 3(g).) Aragon claims to have received the

same message from a Woodbridge Police Officer when he visited the Woodbridge Police Department. (*Id.* ¶ 3(h).) After these failed attempts to retrieve his automobile, "[Aragon] under duress filed a UCC FINANCING STATEMENT and UCC ADDENDUM within the New Jersey Commercial Registry on March 23, 2021, with himself . . . being the Creditor, and Woodbridge Township the debtor considering [Aragon's] property." (*Id.* ¶ 3(j).) Aragon listed the value of his property at one million dollars. (*Id.*)

On October 8, 2021, Aragon filed a Complaint.[1] (ECF Nos. 1, 2.) On January 28, 2022, Defendants filed a Motion to Dismiss. (ECF No. 5.) On August 1, 2022, the Court granted Defendants' Motion to Dismiss and provided Aragon thirty days to file an amended complaint curing the deficiencies noted in the Opinion. (ECF No. 12.)

On September 2, 2022, Aragon filed an Amended Complaint. (ECF No. 14.) On October 3, 2022, Defendants filed a Motion to Dismiss Aragon's Amended Complaint. (ECF No. 17.) On March 20, 2023, the Court granted Defendants' Motion to Dismiss, again provided Aragon thirty days to file an amended complaint curing the deficiencies noted in the Opinion, and warned him that any subsequent dismissals would be with prejudice. (ECF No. 22.)

On April 25, 2023, Aragon filed a Second Amended Complaint ("SAC") bringing claims "under Monell []; 42 U.S.C. § 1981(b); 42 U.S.C. § 1983; 42 U.S.C. § 1985(3); 42 U.S.C. § 1986, For deprivation of Constitutional civilly protected Rights under color of state law." (ECF No. 24 ¶ 2.) On June 29, 2023, Defendants filed a Motion to Dismiss the SAC. (ECF No. 27.) On August 1, 2023, Aragon filed an Opposition. (ECF No. 28.)

---

[1] The Complaint was filed against Defendants as well as the governor and several municipal court judges. However, on June 21, 2022, having not received proof of service of the complaint on the governor and judicial defendants, the Court entered an order dismissing them pursuant to Federal Rule of Civil Procedure 4(m). (ECF No. 11.) Only the moving Defendants remain.

## II. LEGAL STANDARD

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to [the non-moving party]." *Phillips*, 515 F.3d at 228. "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). This "plausibility standard" requires the complaint to allege "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a 'probability requirement.'" *Id.* (citing *Twombly*, 550 U.S. at 556). "Detailed factual allegations" are not required, but "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" must be pleaded; it must include "factual enhancement" and not just conclusory statements or a recitation of the elements of a cause

of action. *Id.* (citations omitted). In assessing plausibility, the court may not consider any "[f]actual claims and assertions raised by a defendant." *Doe v. Princeton Univ.*, 30 F.4th 335, 345 (3d Cir. 2022).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). Indeed, after *Iqbal*, conclusory or "bare-bones" allegations will no longer survive a motion to dismiss: "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. To prevent dismissal, all civil complaints must set out "sufficient factual matter" to show that the claim is facially plausible, allowing "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Supreme Court's ruling in *Iqbal* emphasizes that a plaintiff must show that the allegations of his or her complaints are plausible. *See id.* at 670.

While, generally, the court may not consider anything beyond the four corners of the complaint on a motion to dismiss pursuant to Rule 12(b)(6), the Third Circuit has held that "a court may consider certain narrowly defined types of material without converting the motion to dismiss [to one for summary judgment pursuant to Rule 56]." *In re Rockefeller Ctr. Props. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999). Specifically, courts may consider any "document *integral to or explicitly relied* upon in the complaint." *In re Burlington Coat Factory*, 114 F.3d at 1426 (emphasis added) (quoting *Shaw*, 82 F.3d at 1220). However, "[w]hen the truth of facts in an 'integral'

document are contested by the well-pleaded facts of a complaint, the facts in the complaint must prevail." *Princeton Univ.*, 30 F.4th at 342.

### III. DECISION

Defendants argue Aragon failed to set forth sufficient facts to support his claims. (ECF No. 27-1 at 9–13.) Defendants contend Aragon's SAC fails to state any plausible claim because, despite Aragon's self-proclaimed status as "exempt" from the statutes cited in his Amended Complaint, he is, indeed, subject to those statutes. (*Id.* at 10.) Aragon's opposition fails to adequately address the arguments made in Defendants' Motion to Dismiss and instead simply reiterates many of the conclusory statements made in the SAC and labels Defendants arguments as unconstitutional. (ECF No. 28.)

Viewing the SAC in the light most favorable to Aragon, his argument boils down to whether he is subject to applicable law as a "Common Law Free Man[.]" (ECF No. 24 ¶ 3(c).) By Aragon's own admission, his automobile was towed because it was uninsured, unregistered, and "bear[ed] fictitious license plates[.]" (*Id.* ¶¶ 3(b)–3(d).) Each of the claims Aragon brings is predicated on the assertion that Defendants disregarded his status as a "Common Law Free Man" who is "immune to [the] specific requirements that state [he] shall provide Insurance, Registration, Drivers License, and any fee[s]." (*Id.* ¶ 3(c).) Aragon does not assert that the laws preventing him from reclaiming his automobile are invalid; rather, he claims they do not apply to him. (*Id.*) "Courts throughout the country have decisively rejected such arguments." *United States v. Wunder*, Civ. A. No. 16-9452, 2019 WL 2928842, at *5 (D.N.J. July 9, 2019) (citing *Murakush Caliphate of Amexem Inc. v. New Jersey*, 790 F. Supp. 2d 241 (D.N.J. 2011) (declaring that similar sovereign citizen arguments are legally frivolous); *accord United States v. Gerads*, 999 F.2d 1255, 1257 (8th Cir. 1993) (rejecting appellants' contention that they are not citizens of the United States and thus

not subject to taxation); *United States v. Hilgeford*, 7 F.3d 1340, 1342 (7th Cir. 1993) (describing taxpayer's assertion that he is a citizen of the "Indiana State Republic" and not a citizen of the United States as "incorrect" and a "shop worn argument of the tax protester movement"); *United States v. Jagim*, 978 F.2d 1032, 1036 (8th Cir. 1992) (characterizing a taxpayer's claim he is not subject to federal tax laws as citizen of "Republic of Idaho" as "patently frivolous" and rejecting the contention "without expending anymore of this Court's resources" on the discussion); *see also United States v. Wankel*, 475 F. App'x 273 (10th Cir. 2012) (dismissing a taxpayer's assertion that he possessed immunity from taxation because he was a "living man" and separate from the entity to whom summons had been issued); *Bendeck v. U.S. Bank Nat'l Ass'n*, Civ. A. No. 17-00180, 2017 WL 2726692, at *6 (D. Haw. June 23, 2017) (noting that courts have roundly dismissed the argument that a name rendered in all caps refers to a legal entity separate from the individual designated)).

Separate from his assertion that the law does not apply to him, Aragon does not allege any facts that support his contention that Defendants have unlawfully deprived him of his property. While a district court is "required to accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to [the non-moving party]," conclusory allegations need not be accepted as true. *Phillips*, 515 F.3d at 228; *Iqbal*, 556 U.S. at 681 (2009) (citing *Twombly*, 550 U.S. at 554-555).

Accordingly, Defendants' Motion to Dismiss is **GRANTED**.

IV. **CONCLUSION**

For the reasons set forth above, Defendants' Motion to Dismiss (ECF No. 27) is **GRANTED**, and Aragon's SAC is **DISMISSED WITH PREJUDICE**[2]. An appropriate order follows.

/s/ Brian R. Martinotti
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

Dated: September 13, 2023

---

[2] The decision to grant leave to amend rests within the sound discretion of the trial court. *Zenith Radio Corp. v. Hazeltine Research Inc.*, 401 U.S. 321, 330 (1970). An amendment is futile if it "is frivolous or advances a claim . . . that is legally insufficient on its face." *Harrison Beverage Co. v. Dribeck Imp., Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990) (internal quotation marks and citations omitted). To evaluate futility, the Court uses "the same standard of legal sufficiency" as applied to a motion to dismiss under Rule 12(b)(6). *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). Based on the record before the Court, amendment to the SAC would be futile because, despite three attempts, Plaintiff has been unable to set forth allegations sufficient to conclude that the law does not apply to him as a "Common Law Free Man." (ECF No. 24 ¶ 3(c)); *see also Wunder*, 2019 WL 2928842, at *5. Additionally, the Court warned Aragon that he had one more "final opportunity to comply with pleading standards." (ECF No. 22 at 7 n.3.) In light of the Court's finding that the SAC does not comply with pleading standards, dismissal with prejudice is appropriate. *See In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703 (3d Cir. 1996).