<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| RODOLFO ARAGON,<br><br>      Plaintiff,<br><br>  v.<br><br>TOWNSHIP OF WOODBRIDGE, *et al.*,<br><br>      Defendants. | Case No. 2:21-cv-18304 (BRM) (JBC)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

  Before the Court is Plaintiff Rodolfo Aragon's ("Aragon") Motion for Reconsideration. (ECF No. 32.) Aragon seeks reconsideration of the Court's September 14, 2023 Opinion and Order (ECF Nos. 29, 30), which granted the Motion to Dismiss (ECF No. 27) filed by Defendants Township of Woodbridge and Police Officer Matthew Murdock (collectively, "Defendants"). Defendants filed an Opposition to the Motion for Reconsideration. (ECF No. 33.) Having reviewed the submissions filed in connection with the Motion and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause shown, Aragon's Motion for Reconsideration is **DENIED**.

**I. BACKGROUND**

  **A. Factual Background**

  The underlying facts are set forth at length in the Court's September 14, 2023 Opinion (ECF No. 29), from which Aragon seeks reconsideration. In the interest of judicial economy, the Court refers the parties to that Opinion for a full recitation of the factual background of this dispute.

### B. Procedural Background

On October 8, 2021, Aragon filed the Complaint. (ECF Nos. 1, 2.) On January 28, 2022, Defendants filed a Motion to Dismiss. (ECF No. 5.) On August 1, 2022, the Court granted Defendants' Motion to Dismiss and provided Aragon thirty days to file an amended complaint curing the deficiencies noted in the Opinion. (ECF Nos. 12, 13.)

On September 2, 2022, Aragon filed an Amended Complaint. (ECF No. 14.) On October 3, 2022, Defendants filed a Motion to Dismiss Aragon's Amended Complaint. (ECF No. 17.) On March 20, 2023, the Court granted Defendants' Motion to Dismiss the Amended Complaint, again provided Aragon thirty days to file an amended complaint curing the deficiencies noted in the Opinion, and warned Aragon that any subsequent dismissals would be with prejudice. (ECF Nos. 22, 23.)

On April 25, 2023, Aragon filed a Second Amended Complaint ("SAC") bringing claims "under Monell []; 42 U.S.C. § 1981(b); 42 U.S.C. § 1983; 42 U.S.C. § 1985(3); 42 U.S.C. § 1986, For deprivation of Constitutional civilly protected Rights under color of state law." (ECF No. 24 ¶ 2.) On June 29, 2023, Defendants filed a Motion to Dismiss the SAC. (ECF No. 27.) On August 1, 2023, Aragon filed an Opposition. (ECF No. 28.)

On September 14, 2023, the Court granted Defendants' Motion to Dismiss the SAC with prejudice. (ECF Nos. 29, 30.) In the September 14, 2023 Opinion, the Court found

> amendment to the SAC would be futile because, despite three attempts, Plaintiff has been unable to set forth allegations sufficient to conclude that the law does not apply to him as a "Common Law Free Man." (ECF No. 24 ¶ 3(c)); *see also Wunder*, 2019 WL 2928842, at *5. Additionally, the Court warned Aragon that he had one more "final opportunity to comply with pleading standards." (ECF No. 22 at 7 n.3.) In light of the Court's finding that the SAC does not comply with pleading standards, dismissal with prejudice is appropriate. *See In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703 (3d Cir. 1996).

2

(ECF No. 29 at 8 n.2.) On September 29, 2023, Aragon filed a Motion for Reconsideration. (ECF No. 32.) On October 2, 2023, Defendants filed an Opposition (ECF No. 33.)

## II. LEGAL STANDARD

While not expressly authorized by the Federal Rules of Civil Procedure, motions for reconsideration are proper pursuant to this District's Local Civil Rule 7.1(i). *See Dunn v. Reed Grp., Inc.*, Civ. A. No. 08-1632, 2010 WL 174861, at *1 (D.N.J. Jan 13, 2010). The comments to that Rule make clear, however, that "reconsideration is an extraordinary remedy that is granted 'very sparingly.'" L.Civ.R. 7.1(i) cmt. 6(d) (quoting *Brackett v. Ashcroft*, Civ. A. No. 03-3988, 2003 WL 22303078, *2 (D.N.J. Oct. 7, 2003)); *see also Langan Eng'g & Env't Servs., Inc. v. Greenwich Ins. Co.,* Civ. A. No. 07–2983, 2008 WL 4330048, at *1 (D.N.J. Sept. 17, 2008) (explaining that a motion for reconsideration under Rule 7.1(i) is "'an extremely limited procedural vehicle,' and requests pursuant to th[is] rule[] are to be granted 'sparingly'") (citation omitted); *Fellenz v. Lombard Inv. Corp.*, 400 F. Supp. 2d 681, 683 (D.N.J. 2005).

A motion for reconsideration "may not be used to re-litigate old matters, nor to raise arguments or present evidence that could have been raised prior to the entry of judgment." *P. Schoenfeld Asset Mgmt., LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001). Instead, Local Civil Rule 7.1(i) directs a party seeking reconsideration to file a brief "setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." L. CIV. R. 7.1(i); see also *Bowers v. Nat'l Collegiate Athletic Ass'n*, 130 F. Supp. 2d 610, 612 (D.N.J. 2001) ("The word 'overlooked' is the operative term in the Rule.").

To prevail on a motion for reconsideration, the moving party must show at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct

3

a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café v. Quinteros*, 176 F. 3d 669, 677 (3d Cir. 1999); *see also N. River Ins. Co. v. CIGNA Reinsurance, Co.*, 52 F. 3d 1194, 1218 (3d Cir. 1995) (internal quotations omitted). A court commits clear error of law "only if the record cannot support the findings that led to the ruling." *ABS Brokerage Servs. v. Penson Fin. Servs., Inc.*, Civ. A. No. 09–4590, 2010 WL 3257992, at *6 (D.N.J. Aug. 16, 2010) (citing *United States v. Grape*, 549 F. 3d 591, 603–04 (3d Cir. 2008) "Thus, a party must . . . demonstrate that (1) the holdings on which it bases its request were without support in the record, or (2) would result in 'manifest injustice' if not addressed." *Id.* Moreover, when the assertion is that the Court overlooked something, the Court must have overlooked some dispositive factual or legal matter that was presented to it. *See* L.Civ.R. 7.1(i).

In short, "[m]ere 'disagreement with the Court's decision' does not suffice." *ABS Brokerage Servs.*, 2010 WL 3257992, at *6 (quoting *P. Schoenfeld*, 161 F. Supp. 2d at 353); *see also United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999) ("Mere disagreement with a court's decision normally should be raised through the appellate process and is inappropriate on a motion for [reconsideration]."); *Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.*, 680 F. Supp. 159, 163 (D.N.J. 1988); *Schiano v. MBNA Corp.*, Civ. A. No. 05–1771, 2006 WL 3831225, at *2 (D.N.J. Dec. 28, 2006) ("Mere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law, . . . and should be dealt with through the normal appellate process. . . .") (citations omitted).

**III.   DECISION**

In support of his Motion for Reconsideration, Aragon submits two lists of "objections" to the Court's September 14, 2023 Opinion and Order.[1] (*See generally id*.) Aragon first provides his "OBJECTION[S] to 'Conclusive Allegations'" (*id*. at 5–8), arguing the allegations in the SAC "are not conclusory, because they lay out facts that could support the legal conclusions" (*id*. at 6). Aragon "ask[s] this [C]ourt to protect Plaintiff against any encroachment of constitutional[] securities." (*Id*. (citing *Boyd v. U.S.*, 116 U.S. 616 (1886)).) Aragon further asserts "[t]he People are the true sovereigns and they seldom act and when they do their decree is final." (*Id*. at 7 (citing *Marbury v. Madison*, 5 U.S. 137 (1803)).) Finally, Aragon lists his "OBJECTIONS TO DISTRICT JUDGE BRIAN R. MARTINOTTI'S DECISION IN ITS ENTIRETY." (*Id*. at 9–15.) Aragon contends the Court "is being [b]ias, making a mockery of Plaintiff and is further causing undue prejudice by calling Plaintiff a 'sovereign citizen' when in fact Plaintiff uses citations, constitutional Amendments, Supreme Court decisions and American Jurisprudence that support Plaiuntiff['s] [s]tanding, injuries, [and] the deprivation of [his] constitutional rights." (*Id*. at 15.)

In opposition, Defendants argue Aragon's Motion for Reconsideration should be denied because: (1) there has been no intervening change in the controlling law; (2) Aragon has not presented any new evidence warranting reversal; and (3) the Court did not overlook the facts presented or the controlling law. (ECF No. 33 at 6–8.)

The Court finds Aragon has failed to demonstrate a change in controlling law, the availability of new evidence, or the need to correct a clear error of law or fact, requiring

---

[1] Aragon's "objections" consist of ten pages of rambling prattle which in many instances do not relate nor satisfy the requirements of reconsideration. (ECF No. 32 at 5–15.) Instead, Aragon's "objections" appear to be a list of grievances and disagreements with the Court's September 14, 2023 Opinion and Order. (*See id*.)

reconsideration of the underlying Opinion and Order. *Max's Seafood*, 176 F. 3d at 677. Aragon cites to irrelevant legal precedent in support of his Motion for Reconsideration and relies on unsupported, conclusory allegations and arguments previously submitted to the Court. (*See generally* ECF No. 32.) Aragon's objections and "[m]ere 'disagreement with the Court's decision' do[] not suffice" to grant reconsideration. *ABS Brokerage*, 2010 WL 3257992, at *6. Therefore, the Court once again finds Aragon has failed to allege facts supporting his contention that Defendants have unlawfully deprived him of his property. Accordingly, Aragon's Motion for Reconsideration is **DENIED**.

### IV. CONCLUSION

For the reasons set forth above, Aragon's Motion for Reconsideration (ECF No. 32) of the Court's September 14, 2023 Opinion and Order (ECF Nos. 29, 30) is **DENIED**.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

Dated:  October 17, 2023